UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————x

FABIAN GRANT,

                 Plaintiff,

      -against-

THE CITY OF NEW YORK, DETECTIVE KEVIN
TAGNOSKY, SHIELD # 25104; LIEUTENANT PETER
CARRETTA; DETECTIVE KEVIN MUIRHEAD,
SHIELD # 03140; CAPTAIN WILLIAM RUSSO;
and, JOHN DOE 1 through 5, individually and in their official
capacities.

                 Defendants.

—————————————————————x

ECF CASE NO. : 12-CV-3730
(FB) (RML)

**SECOND AMENDED
COMPLAINT AND JURY
TRIAL DEMAND**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Fabian Grant ("Plaintiff" or "Mr. Grant"), by and through his undersigned

counsel, Altman Schochet, LLP, as and for the Complaint in this action against Defendants, the

City of New York ("City"), DETECTIVE KEVIN TAGNOSKY, SHIELD # 25104 ("KT");

LIEUTENANT PETER CARRETTA ("PC"); DETECTIVE KEVIN MUIRHEAD, SHIELD #

03140 ("KM"); CAPTAIN WILLIAM RUSSO ("WR"), (KT, PC, KM and WR shall collectively

be referred to, "Named Police Officers"); and John Does 1 through 5 of the New York City

Police Department, (City, Named Police Offers and John Does 1 through 5 of the New York City

Police Department shall collectively be referred to as, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1.     This is an action for money damages brought against the City of New York and

DETECTIVE KEVIN TAGNOSKY, SHIELD # 25104; LIEUTENANT PETER CARRETTA;

DETECTIVE KEVIN MUIRHEAD, SHIELD # 03140; CAPTAIN WILLIAM RUSSO and

JOHN DOE 1 through 5, individually and in their official capacity as police officers employed by the New York City Police Department.

2.    It is alleged that on September 5, 2011, Defendants JOHN DOE 1 through 5, police officer defendants and/or the Named Police Officers, employed by the New York City Police Department ("NYPD"), acting under color of law, intentionally and willfully subjected Mr. Grant to, *inter alia*, false arrest, false imprisonment, excessive force and malicious prosecution upon making an unlawful and warrantless motor vehicle stop of Mr. Grant. Specifically, Defendant Peter Carretta and Defendant William Russo rammed their police sedan into Mr. Grant while he was riding a motorcycle, causing Mr. Grant to be violently thrown from his motorcycle onto the street. Defendants Carretta and Russo then exited their vehicle and, along with other Named Police Officers and/or other members of the NYPD, set upon Mr. Grant who was defenseless on the ground and brutally beat him about the face and body. Thereafter, NYPD and/or the Named Police Officers arrested Mr. Grant without probable cause to believe he had committed a crime. These actions violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the NYPD and/or the Named Police Officers.

3.    Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983 and 1988, and New York State common law. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all state law claims.

5.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

6.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all state law claims.

7.      Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within. And a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

8.      The amount in controversy exceeds $150,000.00 excluding interest and costs.


## PARTIES

9.      Plaintiff was, at all material times, of full age and a resident of the State of New York, Kings County.

10.     Defendant City of New York is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel.   In addition, at all relevant times, Defendant City was responsible for

3

enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

11.     At all relevant times, the Named Police Officers and Defendants John Doe 1 through 5 are and were duly appointed and acting officers, servants, employees and agents of the City and/or the NYPD, a municipal agency of the City.  At all relevant times said individuals are and were acting under color of state law in the course and scope of their employment and functions as officers, agents, servants, and employees of the City. They were also acting for, and on behalf of, and with the power and authority vested in them by the City and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants John Doe 1 through 5 and the Named Police Officers are sued in their official and individual capacities.

## NOTICE OF CLAIM

12.     Within 90 days of the events giving rise to these claims, Plaintiff filed a Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the Notice, and this matter has not been settled or otherwise disposed of.

## FACTS

13.     In the early morning hours of September 5, 2011, Mr. Grant, a person of color and a native of Barbados, was in the East Flatbush section of Brooklyn celebrating J'ouvert, an integral precursor to the West Indian Day Parade.[1]  At approximately 3:40 am, Mr. Grant was

---

[1]  J'ouvert is a large street party celebrated on many Caribbean islands which commemorates the Africans' emancipation from slavery.  J'ouvert is also celebrated in East Flatbush and other areas of Brooklyn where there are large Caribbean ex-pat communities.  The festival starts well before dawn and peaks a few hours after sunrise.  It is then followed by the West Indian Day Parade on

lawfully riding a motorcycle in the vicinity of Winthrop Avenue and 96th Street in Kings County, when a marked police car, without provocation or any legal basis, swerved towards Mr. Grant's motorcycle in an apparent attempt to knock Mr. Grant off his motorcycle.

14.     Shortly thereafter, a second police car in the vicinity of Rutland Road, Kings County, sped towards the motorcycle Mr. Grant was riding in an attempt to knock him off same.

15.     In both these aforementioned instances, Mr. Grant had to quickly swerve out of the way in order to avoid being struck and injured by a police vehicle.

16.     At no time did the police use their lights, sirens or external speakers to direct Mr. Grant to pull over.

17.     Later that same morning at approximately 5 a.m., Mr. Grant was riding said motorcycle in the vicinity of Georgia Avenue in Kings County when a police car, driven and occupied by Named Police Officers Peter Carretta and William Russo, suddenly accelerated towards Mr. Grant striking his motorcycle and causing Mr. Grant to be violently thrown to the ground.

18.     As Mr. Grant was on the ground he did observe the doors the police vehicle that struck his motorcycle open, whereupon Named Police Officers Peter Carretta and William Russo did exit their vehicles and rush towards Mr. Grant.

19.     As Mr. Grant was on his hands and knees trying to stand upright, Named Police Officers including Peter Carretta and William Russo, together with Defendants John Doe 1-5, brutally beat Mr. Grant.

20.     Defendant John Doe 1 and/or the Named Police Officers first delivered a flying kick to Mr. Grant's torso while Mr. Grant remained defenseless on his hands and knees.

_____

Labor Day.

21.    Thereupon, Defendants John Doe 1-5 and/or the Named Police Officers stepped on Mr. Grant's legs and repeatedly stomped, kicked and punched Mr. Grant all over his sides, torso and back area.

22.    Defendant John Doe 1 and/or the Named Police Officers then lifted Mr. Grant's head up by the rim of his motorcycle helmet which Mr. Grant was wearing and sadistically delivered a barrage of punches to Mr. Grant's face.

23.    Defendant John Doe 2 and/or the Named Police Officers then told Defendant John Doe 1 and/or the Named Police Officers to "move" whereupon Defendant John Doe 2 and/or the Named Police Officers grabbed the rim of Mr. Grant's helmet and continued to pummel Mr. Grant's face with a flurry of punches.

24.    When the aforementioned beating subsided, Mr. Grant was left face down on the ground with his hands cuffed behind his back.  Several minutes later one of Defendants John Doe 1-5 and/or the Named Police Officers walked over to where Mr. Grant was laying, knelt down beside him and pepper sprayed Mr. Grant in the face.

25.    Because of the seriousness of his injuries, Mr. Grant was removed from the scene by stretcher, placed in an ambulance and taken to Brookdale Hospital.

26.    At Brookdale Hospital, Mr. Grant was handcuffed to his hospital bed and examined by the doctor(s) in the presence of Defendants John Doe 1-3 and/or the Named Police Officers who would answer many of the questions posed to Mr. Grant by the attending physician.

27.    Hours later Mr. Grant was taken from the hospital by Defendants John Doe 1-3 and/or the Named Police Officers, and brought to the 67th Precinct in Brooklyn where he was placed in a holding cell.

28.    At the 67th Precinct Defendants John Doe 1-3 and/or the Named Police Officers, along with other New York City police officers, continued to confine Mr. Grant in a holding cell for the remainder of the day and entire night.

29.    Other officers from the New York City Police Department and/or the Named Police Officers took Mr. Grant in handcuffs from the 67th Precinct to Central Booking where he remained in custody.

30.    At Central Booking, Mr. Grant's arrest was further processed and he remained in custody until his criminal court arraignment on the night of September 6, 2011.

31.    At his arraignment, Mr. Grant was charged in a criminal complaint with violating Penal Law § 270.25, Unlawful Fleeing of a Police Officer, and related offenses.  Mr. Grant was released upon posting $1000 cash bail.

32.    The charges against Mr. Grant were dismissed on January 10, 2012 and sealed on March 7, 2012.

33.    As a result of the wanton and unlawful attack, false arrest and false imprisonment of Mr. Grant, he suffered, and continues to suffer, serious and severe personal injuries, including but not limited to: burning and irritation to his eyes, lacerations and bruising over his face and body; a laceration to the bridge of his nose requiring surgical glue, lacerations to the inside of his mouth, back/spinal trauma with residual pain, damage, numbness and weakening to his left side. He has also suffered emotional trauma, including but not limited to: fear, embarrassment, humiliation, emotional distress, depression, anxiety and loss of sleep.

34.    Mr. Grant was beaten, arrested and detained without probable cause or legal justification.

35.    At no time during the events described above was Mr. Grant intoxicated, disorderly, resisting arrest, a threat to his own safety or the safety of others.

36.    Further, Mr. Grant had not committed any criminal offenses and was not observed to be engaged in any course of criminal conduct.

37.    Defendants John Doe 1-5 and/or the Named Police Officers had no warrant for the arrest of Mr. Grant, no probable cause for the arrest of Mr. Grant, and no legal cause or excuse to stop, detain and/or seize Mr. Grant.

38.    Mr. Grant was arbitrarily and falsely detained.

39.    At all times during the events described above, the Defendants John Doe 1-5 and/or the Named Police Officers, were engaged in a joint venture.  The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the events described herein.

40.    As a direct and proximate result of said acts of Defendants John Doe 1-5 and/or the Named Police Officers, Mr. Grant suffered the following injuries and damages:

    a.    Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.    Loss of his physical liberty;

    c.    Physical injury, pain and suffering;

    d.    Emotional trauma and distress; and

    e.    Property damage to his motorcycle.

## AS AND FOR A FIRST CAUSE OF A CTION
### (U.S.C. § 1983 – False Arrest and False Imprisonment)

41.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42.    Defendants John Doe 1 through 5 and/or the Named Police Officers, wrongfully and illegally arrested, detained and/or imprisoned Plaintiff.

43.    The wrongful, unjustifiable and unlawful apprehension, arrest, detention and imprisonment of Plaintiff was carried out without Plaintiff's consent, and without probable cause or reasonable suspicion.

44.    At all relevant times, Defendants acted forcibly in apprehending, arresting and imprisoning Plaintiff.

45.    Throughout this incident, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, and deprived of his liberty, and falsely imprisoned.

46.    All this occurred without any fault or provocation on the part of Plaintiff.

47.    Defendants John Doe 1 through 5 and/or the Named Police Officers acted under pretense and color of state law in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

48.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

9

49.     Defendants John Doe 1 through 5 and/or the Named Police Officers exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from arrest and imprisonment without probable cause, entitling Plaintiff to an award of punitive damages.

## AND FOR A SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – Excessive Force)

50.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51.     Named Police Officers Peter Carretta and William Russo, intentionally and willfully rammed their police vehicle into Plaintiff's motorcycle damaging said motorcycle and causing Plaintiff to be thrown from the motorcycle onto the ground.

52.     Defendants John Doe 1-5 and/or the Named Police Officers, unlawfully kicked, stomped, punched and repeatedly beat the Plaintiff about his face and body.

53.     One of the John Doe 1-5 Defendants and/or one of the Named Police Officers approached Plaintiff who was laying face down on the ground with his hands cuffed behind his back and pepper sprayed Plaintiff in the face.

54.     By using excessive force and assaulting Plaintiff, and failing to prevent other officers from doing so, Defendants John Doe 1 through 5 and/or the Named Police Officers deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

55.    In addition, Defendants John Doe 1 through 5 and/or the Named Police Officers conspired among themselves to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments to the Constitution of United States of America, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

56.    Defendants John Doe 1 through 5 and/or the Named Police Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as NYPD officers. Said acts by Defendants John Doe 1 through 5 and/or the Named Police Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and Defendants John Does 1 through 5 and/or the Named Police Officers acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

57.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

58.    Defendants John Doe 1 through 5 and/or the Named Police Officers exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's constitutional right to be free from excessive force, entitling Plaintiff to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
#### (42 .S.C. § 1983 – Failure to Intervene)

59.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

60.    Defendants John Doe 1 through 5 and/or the Named Police Officers had a reasonable opportunity to prevent Plaintiff's unlawful stop.

61.    Defendants John Doe 1 through 5 and/or the Named Police Officers had a reasonable opportunity to prevent Plaintiff's false arrest.

62.    Defendants John Doe 1 through 5 and/or the Named Police Officers had a reasonable opportunity to prevent the unlawful use of force against Plaintiff.

63.    Defendants John Doe 1 through 5 and/or the Named Police Officers had a reasonable opportunity to prevent Plaintiff's false imprisonment.

64.    A reasonable person in Defendants John Doe 1 through 5's and/or the Named Police Officers' respective positions would know the Plaintiff's constitutional rights were being violated.

65.    Defendants John Doe 1 through 5 and/or the Named Police Officers took no reasonable steps to intervene to prevent the violation of Plaintiff's constitutional rights.

66.    As a direct and proximate result of Defendants John Doe 1 through 5's and/or the Named Police Officers' failure to intervene, Plaintiff suffered violations of his rights under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

67.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

68.    Defendants John Doe 1 through 5 and/or the Named Police Officers exhibited reckless and/or callous indifference to Plaintiff's federally protected rights, including Plaintiff's

constitutional right to be free from arrest and imprisonment without probable cause, excessive force, and/or unlawful search and seizure, entitling Plaintiff to an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – Municipal Liability)

69.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraph as if fully set forth herein.

70.     Under color of law, Defendants John Doe 1 through 5 and/or the Named Police Officers stopped Plaintiff without reasonably suspecting Plaintiff of having committed a crime, deployed excessive and unreasonable force against Plaintiff, arrested, searched and/or imprisoned Plaintiff without probable cause to believe that Plaintiff had committed a crime, although Defendants John Doe 1 through 5 and/or the Named Police Officers knew that said misconduct would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

71.     Upon information and belief, it is the custom, policies, rules, practices, and/or procedures of the City and the NYPD to stop citizens of color without reasonably suspecting them of having committed a crime.

72.     In fact, a recent study conducted by a Columbia Law School professor found that NYPD police officers stopped and questioned people, mostly people of color, without the legal justification for doing so, tens of thousands of times from 2004 through 2009.

73.     Additionally, the City and the NYPD, pursuant to policies, customs, practices, and procedures, inadequately screens, hires, retains, trains, promotes, sanctions and supervises its employees serving as police officers, causing the violation of Plaintiff's rights as described herein. As a result of the City's and NYPD's failure to properly recruit, screen, train, discipline, sanction and supervise its officers, including Defendants John Doe 1 through 5 and/or the Named

13

Police Officers, the City has tacitly authorized, ratified, and has been deliberately indifferent to, the unconstitutional acts and conduct complained of herein.

74.    The existence of these unconstitutional customs and policies can be inferred from the repeated occurrences of similar illegal conduct, as documented in the numerous civil rights actions filed against the City in the state and federal courts.

75.    The forgoing customs, policies, usages, practices, procedures and rules of the City and the NYPD constitute deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

76.    As a consequence of the City's systematic practice, pattern and custom of intentionally promoting and supporting NYPD officers' and officials' violations of 42 U.S.C. § 1983, Plaintiff was deprived of his freedom, and physically and emotionally harmed.

77.    The foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD were the direct and proximate cause of the constitutional violations Plaintiff suffered.

78.    As a result of the City's and NYPD's developed policies and customs, police officers of the NYPD, including the defendant officers in this case, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not be investigated or sanctioned, but would be tolerated.

79.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City and the NYPD, Plaintiff was unlawfully stopped, assaulted, battered, arrested, searched and imprisoned on the basis of his race and/or color.

80.    Defendants John Doe 1 through 5 and/or the Named Police Officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

81.    As a direct and proximate result of the City's illegal customs, policies, practices and procedures, Plaintiff suffered violations of his rights under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

82.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff suffered the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Assault)

83.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

84.    Defendants John Doe 1 through 5 and/or the Named Police Officers, acting within the scope of their employment, intentionally, willfully, and maliciously assaulted Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to the Plaintiff, and that such acts caused apprehension of such contact in the Plaintiff.

85.    Defendant City and its officers, agents, servants, and employees were responsible for the assault on Plaintiff.  Defendant City, as employer of Defendants John Doe 1 through 5 and/or the Named Police Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

15

86.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

87.     The conduct of Defendants John Doe 1 through 5 and/or the Named Police Officers was wanton, malicious and/or cruel, entitling Plaintiff to an award of punitive damages.


## AS AND FOR A SIXTH CAUSE OF ACTION
### (Battery)

88.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

89.     Defendants John Doe 1 through 5 and/or the Named Police Officers, acting within the scope of their employment, intentionally, willfully and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner, hit Plaintiff with their police vehicle and proceeded to stomp, punch, kick and pepper spray Plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

90.     Defendant City and its officer agents, servants, and employees were responsible for Plaintiff's battery.  Defendant City, as employer of Defendants John Doe 1 through 5 and/or the Named Police Officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

91.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

92.     The conduct of Defendants John Doe 1 through 5 and/or the Named Police Officers was wanton, malicious and/or cruel, entitling Plaintiff to an award of punitive damages.

## AS AND FOR AN SEVENTH CAUSE OF ACTION
**(False Arrest and False Imprisonment in Violation of New York State Common Law)**

93.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

94.    On September 5, 2011, Defendants John Doe 1 through 5 and/or the Named Police Officers, intentionally, falsely, unlawfully and wrongfully, with force, without probable cause, and without Plaintiff's consent and against his will, falsely arrested and/or falsely imprisoned Plaintiff.

95.    Plaintiff was conscious of the confinement.

96.    Plaintiff did not consent to the confinement.

97.    Plaintiff's confinement was not otherwise privileged because Defendants John Doe 1 through 5 and/or the Named Police Officers, had no probable cause to believe that Plaintiff had committed a crime when they deprived him of his liberty for an unreasonable time.

98.    As a direct and proximate result of Plaintiff's false arrest and imprisonment detailed above, Plaintiff sustained the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

99.    Defendants John Doe 1 through 5 and/or the Named Police Officers, acted wantonly, willfully, maliciously and/or cruelly in falsely arresting and/or falsely imprisoning Plaintiff, entitling Plaintiff to an award of punitive damages.

## AS AND FOR A EIGHTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

100.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

101.    Defendants John Doe 1 through 5 and/or the Named Police Officers brutally assaulted and battered Plaintiff with their police vehicle, fists, feet, and pepper spray, despite the fact that Plaintiff had committed no crime, and while Plaintiff was completely helpless to defend himself, on a public street.

102.    The conduct of Defendants John Doe 1 through 5 and/or the Named Police Officers was so extreme and outrageous as to exceed the bounds of decency in a civilized society.

103.    Defendants John Doe 1 through 5 and/or the Named Police Officers intended or disregarded a substantial probability of causing plaintiff emotional distress.

104.    As a direct and proximate result of Defendants John Doe 1 through 5's and/or the Named Police Officers' misconduct, which was so outrageous in character and so extreme in degree as to exceed all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community, Plaintiff suffered severe emotional distress. He has suffered, and continues to suffer great pain, depression, humiliation, embarrassment, disgrace, stress and anxiety, loss of self-esteem and self-confidence, and loss of sleep, for which Plaintiff is entitled to an award of monetary damages and other relief.

105.    Defendants John Doe 1 through 5's and/or the Named Police Officers' extreme and outrageous conduct was wanton, willful, malicious and/or cruel, entitling Plaintiff to an award of punitive damages.


## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

106.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

107. Defendants John Doe 1 through 5 and/or the Named Police Officers brutally assaulted and battered Plaintiff with their police vehicle, fists, feet, and pepper spray, while Plaintiff was completely helpless to defend himself, on a public street.

108. Defendants John Doe 1 through 5 and/or the Named Police Officers unlawfully imprisoned Plaintiff in full view of strangers and friends.

109. Defendants John Doe 1 through 5's and/or the Named Police Officers' conduct created an unreasonable and foreseeable risk of causing Plaintiff emotional distress by humiliating, embarrassing, unreasonably endangering Plaintiff and causing Plaintiff to fear for his safety.

110. As a direct and proximate result of Defendants John Doe 1 through 5's and/or the Named Police Officers' negligence, Plaintiff suffered severe emotional distress and suffered, and continues to suffer, from depression, humiliation, embarrassment, disgrace stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, and loss of sleep, for which Plaintiff is entitled to an award of monetary damages and other relief.

111. Defendants John Doe 1 through 5's and/or the Named Police Officers' conduct amounted to utter recklessness, was so wantonly negligent as to be the equivalent of a conscious disregard for Plaintiff's rights, demonstrated a high degree of moral culpability, was designed to oppress and injure, evinced a conscious indifference to the effects of their acts, was committed without regard to the rights of Plaintiff or of people in general, and involved wrongdoing to the public, entitling Plaintiff to an award of punitive damages.

## AS AND FOR AN TENTH CAUSE OF ACTION
### (Negligence)

112.    Plaintiff incorporated by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

113.    Defendant City has a duty under 42 U.S.C. § 1983, as well as under the Fourth and Fourteenth Amendments, under New York State common law, and their own policies, rules, practices, and/or procedures, to prevent and/or cease the false arrest, false imprisonment, unlawful searches, and prevent other unlawful acts that were committed against Plaintiff.

114.    By inflicting and failing to prevent the above stated abuses suffered by Plaintiff, Defendants John Doe 1 through 5 and/or the Named Police Officers violated their duty to Plaintiff and acted unreasonably, recklessly and negligently.

115.    Defendants John Doe 1 through 5 and/or the Named Police Officers failed to exercise the slightest amount of due care to protect Plaintiff's civil and constitutional rights against illegal stops, the use of excessive and unreasonable force, false arrest, and/or unlawful search and seizure, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of United States of America.

116.    As a direct and proximate result of the negligence described herein and attributable to the City and to Defendants John Doe 1 through 5 and/or the Named Police Officers, Plaintiff sustained the damages hereinbefore alleged, entitling Plaintiff to an award of monetary damages and other relief.

117.    Defendants John Doe 1 through 5's and/or the Named Police Officers' conduct amounted to utter recklessness, was so wantonly negligent as to be the equivalent of a conscious disregard for Plaintiff's rights, demonstrated a high degree of moral culpability, was designed to oppress and injure, evinced a conscious indifference to the effects of their acts, was committed

without regard to the rights of Plaintiff or of people in general, and involved wrongdoing to the public, entitling Plaintiff to an award of punitive damages.

### AS AND FOR A ELEVENTH CAUSE OF ACTION
#### (Negligent Hiring, Retention and Supervision)

118.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

119.    Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse Plaintiff sustained.

120.    Upon information and belief, Defendant City, through the NYPD, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

121.    Upon information and belief, Defendants John Doe 1 through 5 and/or the Named Police Officers were unfit and incompetent for their positions.

122.    Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that Defendants John Doe 1 through 5 and/or the Named Police Officers were potentially dangerous.

123.    In addition, the City knew or should have known through the exercise of reasonable diligence that Defendants John Doe 1 through 5 and/or the Named Police Officers would engage in conduct that led to the violations of Plaintiff's constitutional rights and other abuses that he suffered.

124.    The City's negligence in hiring and retaining Defendants John Doe 1 through 5 and/or the Named Police Officers directly and proximately caused Plaintiff's injuries.

125.    As a direct and proximate result of the negligent hiring described herein, Plaintiff has suffered, and continues to suffer great pain, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Plaintiff is entitled to an award of monetary damages and other relief.

WHEREFORE, the plaintiff prays that the Court enter judgment in his favor and against the defendants, jointly and severally, as follows:

A.    An award of damages for an amount not less than FIVE MILLION DOLLARS ($5,000,000.00), plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, depression, anxiety, humiliation, embarrassment, stress, emotional pain and suffering, emotional distress and physical injuries.

B.    An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest.

C.    An award of punitive damages of no less than FIVE MILLION DOLLARS ($5,000,000.00).

D.    An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees under 42 U.S.C. § 1988.

E.    An award of such other and further relief as this Court may deem appropriate, just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.


Dated:    New York, New York
          February 24, 2014


                              Respectfully Submitted,

                              ALTMAN SCHOCHET LLP
                              Attorneys for Plaintiff


                              By:    _____
                                     Aaron L. Altman (AA-0822)
                                     225 Broadway – 39th Floor
                                     New York, New York 10007
                                     (212) 344-8000